UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | SACV 23-1746-KK-ADSx | Date: | February 27, 2024 |
|---|---|---|---|
| Title: | *Banjo McLachlan v. Ever Pretty Garment, Inc.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order GRANTING Plaintiff's Motion for Default Judgment

I.
**INTRODUCTION**

On January 30, 2024, plaintiff Banjo McLachlan ("Plaintiff") filed a Motion for Default Judgment against defendant Ever Pretty Garment, Inc. ("Defendant"). Dkt. 20. The Court finds this matter appropriate for resolution without oral argument. See FED. R. CIV. P. 78(b); L.R. 7-15. For the reasons stated below, the Court **GRANTS** Plaintiff's Motion for Default Judgment.

II.
**BACKGROUND**

A.   PROCEDURAL HISTORY

On September 19, 2023, Plaintiff filed a Complaint against Defendant asserting a single claim of Direct Copyright Infringement pursuant to the Copyright Act, 17 U.S.C. § 501 ("Section 501"). ECF Docket No. ("Dkt") 1 ("Compl."").

On December 11, 2023, the Clerk of Court entered default against Defendant pursuant to Federal Rule of Civil Procedure 55(a) based on Defendant's failure to answer the Complaint or otherwise appear in this action. Dkt. 17.

On January 30, 2024, Plaintiff filed the instant Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b) ("Motion").  Dkt. 20.  As of the date of this Order, Defendant has not filed an Opposition to the Motion.

The matter thus stands submitted.

**B.    RELEVANT FACTS**

Plaintiff is a professional photographer by trade "and the legal and rightful owner of certain photographs which Plaintiff commercially licenses."  Compl. ¶ 10.  Defendant is a clothing company which owns and operates a website at domain www.ever-pretty.com (the "Website").  Id. ¶ 3.  The Website "sells merchandise to the public[,]" and Defendant subsequently "profits from these activities."  Id. ¶ 21.  The Website "is a key component of Defendant's popular and lucrative commercial enterprise."  Id. ¶ 20.  The instant action arises out of a copyright infringement dispute in which Plaintiff alleges Defendant "improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed" a photograph owned by Plaintiff.  Id. ¶ 51.

Specifically, Plaintiff "created a photograph of model Karlie Kloss wearing a silk dress and blazer (the 'Photograph') in which Plaintiff owns the rights and licenses for various uses including online and print publications."  Id. ¶ 2.  In creating the Photograph, "Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image."  Id. ¶ 15.  Plaintiff created the Photograph "with the intention of it being used commercially and for the purpose of display and/or public distribution."  Id. ¶ 17.

On August 21, 2019, Plaintiff first published the Photograph.  Id. ¶ 14.  On October 27, 2019, the Photograph was registered by the United States Copyright Office ("USCO") under Registration No. VA 2-177-803.  Id. ¶ 16.

"On or about October 29, 2020," Defendant displayed "an exact copy" of the Photograph on the Website "as part of an on-line story" without "permission or authorization from Plaintiff[.]"  Id. ¶¶ 22, 24, 28.  Plaintiff did "not grant[] Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant."  Id. ¶¶ 50-51.  Defendant also stored the Photograph at a "Shopify" Uniform Resource Location ("URL"), which Plaintiff alleges "was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration[,]" thereby constituting a specific infringement.  Id. ¶¶ 23, 27.

On August 5, 2023, Plaintiff "observed and actually discovered this infringement" for the first time.  Id. ¶ 25.  On September 6, 2023, Plaintiff's counsel "served a letter seeking to address the complaints . . . concerning Defendant's infringement of Plaintiff's rights-protected work."  Id. ¶ 44.  Defendant "failed to respond" to Plaintiff's letter.  Id. ¶ 45.

Plaintiff alleges he "has been substantially harmed" as a result of Defendant's misconduct.  Id. ¶ 46.  Accordingly, Plaintiff seeks statutory damages, injunctive relief to prevent or restrain infringement, and reasonable attorney's fees and costs.  Id. ¶¶ 54-56.

///

# III.
# LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a party who has failed to plead or otherwise defend. FED. R. CIV. P. 55(b)(2). The decision to grant or deny an application for default judgment is discretionary. Allstate Life Ins. Co. v. Markowitz, 590 F. Supp. 3d 1210, 1215 (C.D. Cal. 2022) (citing Aldabe v. Aldabe, 616 F.2d 1089, 1092-93 (9th Cir. 1980)).

In determining whether to enter default judgment against a party, a court considers the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Upon entry of default against a defendant, the court takes "'the well-pleaded factual allegations' in the complaint 'as true.'" DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (quoting Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir. 1992)). However, "a 'defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" Id. (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)). In addition, allegations as to the amount of damages must be proven. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Finally, pursuant to Local Rule 55-1, an application for default judgment must be accompanied by a declaration setting forth: when, and against what party, default was entered; the pleading to which default was entered; whether the defaulting party is an infant or incompetent person; that the Servicemembers Civil Relief Act, 50 U.S.C. App. § 521, does not apply; and that notice has been served on the defaulting party, if required. L.R. 55-1. The party applying for default judgment must also provide the defaulting party with notice of the application if the defaulting party has appeared in the action or the applicant seeks unliquidated damages. FED. R. CIV. P. 55(b)(2); L.R. 55-2.

# IV.
# DISCUSSION

## A. THE EITEL FACTORS WEIGH IN FAVOR OF GRANTING DEFAULT JUDGMENT AGAINST DEFENDANT

As an initial matter, the instant Motion satisfies the procedural requirements set forth in the Federal Rules of Civil Procedure and the Court's Local Civil Rules. Plaintiff submitted a declaration that complies with Local Rule 55-1 and served the Motion on Defendant as required by Federal Rule of Civil Procedure 55(b)(2) and Local Rule 55-2. See dkt. 20-1 at 1-5, Declaration of Jacqueline Mandel ("Mandel Decl."), ¶¶ 2-3; dkt. 20 at 3, Certificate of Service.

In addition, as discussed below, the Eitel factors weigh in favor of entering default judgment against Defendant.

1.  **Possibility of Prejudice to Plaintiffs**

The first Eitel factor is "whether the plaintiff will suffer prejudice if default judgment is not entered." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, in light of Defendant's apparent unwillingness to participate in this litigation, Plaintiff "will likely be without other recourse for recovery." See id.; see also Amini Innovation Corp. v. KTY Int'l Mktg., 768 F. Supp. 2d 1049, 1056 (C.D. Cal. 2011) (finding prejudice to plaintiff favored entering default judgment because, "[i]f the Court does not enter a default judgment, it will allow [the defendant] to avoid liability by not responding to [the plaintiff's] claims").

Hence, the possibility of prejudice to Plaintiff weighs in favor of entering default judgment.

2.  **Merits of Plaintiff's Claims and Sufficiency of the Complaint**

The second and third Eitel factors are "the merits of [the plaintiff's] substantive claim" and "the sufficiency of the complaint." PepsiCo, 238 F. Supp. 2d at 1175. These factors, which "are often analyzed together," Dr. JKL Ltd. v. HPC IT Educ. Ctr., 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010), require a plaintiff to "state a claim on which the [plaintiff] may recover," PepsiCo, 238 F. Supp. 2d at 1175. "A complaint satisfies this test when the claims 'cross the line from conceivable to plausible.'" Indian Hills Holdings, LLC v. Frye, 572 F. Supp. 3d 872, 886 (S.D. Cal. 2021) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 680 (2009)). In performing this analysis, courts take "the well-pleaded factual allegations in the complaint as true." DIRECTV, 503 F.3d at 854 (internal quotation marks omitted).

Here, as discussed below, the allegations in the Complaint are sufficient to state a claim for direct copyright infringement pursuant to 17 U.S.C. § 501.

a.  **Direct Copyright Infringement**

i.  **Applicable Law**

17 U.S.C. § 106 ("Section 106") outlines the exclusive rights given to copyright holders. Specifically, under Section 106, a copyright holder has the exclusive rights to reproduce, distribute, publicly display, perform, and create derivative works of the copyrighted work. 17 U.S.C. § 106.

To establish a prima facie case of direct infringement, plaintiff "must show ownership of the allegedly infringed material" and "demonstrate that the alleged infringers violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." Perfect 10, Inc. v. Giganews, Inc., 847 F.3d 657, 666 (9th Cir. 2017) (quoting A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001).

Additionally, direct infringement requires plaintiff to show causation or "volitional conduct." Id.; see also Fox Broad. Co., Inc. v. Dish Network L.L.C., 747 F.3d 1060, 1067 (9th Cir. 2013) ("Infringement . . . require[s] that the defendant cause the copying"). Volitional conduct is present where the defendant "exercised control []; selected any material for upload, download, transmission,

or storage; or instigated any copying, storage, or distribution" of copyrighted materials. Giganews, 847 F. 3d at 670.

### ii. Analysis

Here, Plaintiff sufficiently alleges a prima facie case of direct infringement. Plaintiff alleges he created the Photograph "with the intention of it being used commercially and for the purpose of display and/or public distribution[,]" and the Photograph was registered by the USCO, and thus, he has established ownership. Compl. ¶¶ 16, 17. Plaintiff further alleges Defendant publicly displayed "an exact copy" the Photograph on the Website without "permission or authorization from Plaintiff[,]" and stored the Photograph at a "Shopify" URL, id. ¶¶ 23-24, 27-28, thus violating one of Plaintiff's exclusive rights given to Plaintiff pursuant to 17 U.S.C. § 106 and constituting volitional conduct. Accordingly, Plaintiff has alleged sufficient facts to state a claim against Defendant for direct infringement.

Hence, the merits of Plaintiff's claim and sufficiency of the Complaint weigh in favor of entering default judgment.

### 3. Sum of Money at Stake

The fourth Eitel factor is "the amount of money at stake in relation to the seriousness of [the defendant's] conduct." PepsiCo, 238 F. Supp. 2d at 1176-77. The court must "assess whether the recovery sought is proportional to the harm caused by" the defendant. Landstar Ranger, Inc. v. Parth Enters., Inc., 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). This factor weighs against default judgment "when a large amount of money is involved or is unreasonable in light of [the defendant's] actions." KKMI Sausalito, LLC v. Vessel "Self Inflicted," 428 F. Supp. 3d 200, 208 (N.D. Cal. 2019) (citation omitted).

Under 17 U.S.C. § 504(c)(1) and (2), with respect to statutory damages and any one work, Plaintiff may seek "a sum of not less than $750 or more than $30,000" or a "sum of not more than $150,000" if a court finds an infringement was committed willfully. 17 U.S.C. § 504(c)(1)-(2).

Here, Plaintiff seeks damages in the amount of $14,175. Dkt. 20-3 at 6. Plaintiff alleges Defendant knowingly and willfully infringed upon Plaintiff's copyrights of the Photograph by displaying it on the Website. Compl. ¶¶ 4, 53. Additionally, Plaintiff alleges Defendant further infringed upon Plaintiff's copyrights by storing the Photograph at a URL which was "was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration[.]" Id. ¶ 27. Thus, Plaintiff could have potentially sought damages up to $30,0000 in statutory damages, and up to $150,000 because the infringement was willful. 17 U.S.C. § 504(c)(2). Plaintiff, nonetheless, seeks only $14,175. Dkt. 20-3 at 6. The Court, thus, finds the amount of money sought is proportional to the harm caused by Defendant.

Hence, the sum of money at stake weighs in favor of entering default judgment on Plaintiff's claims against Defendant.

///

///

### 4. Possibility of Dispute Concerning Material Facts

The fifth Eitel factor is "the possibility of dispute as to any material facts in the case." PepsiCo, 238 F. Supp. 2d at 1177. Here, because default has been entered against Defendant, see dkt. 17, the Court takes "the well-pleaded factual allegations in the complaint as true[,]" see DIRECTV, 503 F.3d at 854 (internal quotation marks omitted), except insofar as they pertain to the amount of Plaintiffs' damages, see TeleVideo Sys., 826 F.2d at 917-18. Thus, there is little possibility of a dispute concerning the material facts of Plaintiff's allegations. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.").

Hence, the unlikely possibility of dispute concerning material facts weighs in favor of entering default judgment on Plaintiff's claims against Defendant.

### 5. Excusable Neglect

The sixth Eitel factor is "the possibility that the default resulted from excusable neglect." PepsiCo, 238 F. Supp. 2d at 1177. Here, Defendant's agent was personally served with the summons and Complaint on October 4, 2023. Dkt. 11. Defendant has also been served with the instant Motion. Mandel. Decl. ¶¶ 2-3; dkt. 20 at 3. The Court, therefore, finds it unlikely that Defendant's default resulted from excusable neglect. See Shanghai Automation Instrument Co. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (finding default could not "be attributed to excusable neglect" where defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion").

Hence, the unlikely possibility that the default resulted from excusable neglect factor weighs in favor of entering default judgment.

### 6. Strong Policy Favoring Defendants

The seventh Eitel factor is the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472. While the policy favoring decisions on the merits "always weighs against default judgment," Amini Innovation Corp., 768 F. Supp. 2d at 1056, this factor, "standing alone, is not dispositive," PepsiCo, 238 F. Supp. 2d at 1177. Here, Defendant's apparent unwillingness to participate in this litigation "makes a decision on the merits impractical, if not impossible." See id. Thus, the policy favoring decisions on the merits does not preclude entering default judgment. See id.; see also Wecosign, Inc. v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1083 (C.D. Cal. 2012) (finding default judgment appropriate when "a decision on the merits is impossible").

Hence, this factor weighs in favor of entering default judgment on Plaintiff's claims against Defendant.

### B. PLAINTIFF HAS PRESENTED SUFFICIENT EVIDENCE IN SUPPORT OF HIS REQUESTED DAMAGES

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). Thus, a court may only award damages in "the amount

prayed for in the complaint" upon entry of default judgment. Landstar Ranger, Inc., 725 F. Supp. 2d at 923. Furthermore, allegations as to the amount of damages must be proven. TeleVideo Sys., Inc., 826 F.2d at 917-18. A default judgment may be entered without a hearing if the amount claimed is "capable of mathematical calculation." Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir. 1981) (citation omitted).

1. **Statutory Damages**

In a copyright infringement action, a plaintiff may elect to receive actual damages and lost profits attributable to the infringement. 17 U.S.C. § 504(b). Alternatively, a plaintiff may elect "an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually . . . in a sum of not less than $750 or more than $30,000 as the court considers just." Id. § 504(c)(1). "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." Id. § 504(c)(2)

Here, Plaintiff seeks $2,835.00 – the equivalent of a licensing fee for the Photograph – to be multiplied by five due to Defendant's willful infringement, totaling $14,175.000. Dkt. 20-3 at 14-15. The amount is well below the $30,000 statutory maximum for infringement and the $150,000 statutory maximum for willful infringement. See id. Accordingly, Plaintiff has established entitlement to the $14,175.00 in statutory damages.

2. **Injunctive Relief**

The Copyright Act allows a court to grant an injunction in addition to monetary remedies "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Courts have granted injunctive relief even in situations of default. Amini Innovation Corp. v. KTY Int'l Mktg., 768 F. Supp. 2d 1049, 1057 (C.D. Cal. 2011). Permanent injunctive relief is warranted if: (1) a plaintiff will otherwise suffer irreparable harm, (2) there is a lack of adequate remedies at law, (3) the balance of hardships weighs in the plaintiff's favor, and (4) the injunction is in the public's interest. See id. "Injunctive relief is the preferred remedy in trademark cases because there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." GS Holistic, LLC v. Smokers Cave, Inc., No. CV-22-7445-DMG-MRWx, 2023 WL 4205826, at *4 (C.D. Cal. May 12, 2023) (internal quotation marks omitted).

Here, injunctive relief is warranted because Plaintiff has sufficiently alleged a direct copyright infringement claim against Defendant which is causing Plaintiff ongoing, irreparable harm. Moreover, Defendant has refused to appear and participate in this action. Considering Plaintiff's allegations, the balance of hardships weigh in Plaintiff's favor and the public has an interest in preventing Defendant's continuing infringement. Accordingly, Plaintiff is entitled to injunctive relief.

3. **Attorney's Fees and Costs**

Local Rule 55-3 establishes a schedule for calculating reasonable attorney's fees upon entry of default judgment based upon the amount of the judgment. L.R. 55-3. Specifically, Local Rule 55-3 provides that, where the amount of judgment is between $10,000.01 and $50,000, the fee award

should be the sum of $1,200 plus 6% of the amount over $10,000.  Id.  Plaintiff seeks attorney's fees pursuant to this schedule.  Dkt. 20-3 at 19.  Accordingly, Plaintiff is entitled to $1,450.50 in attorney's fees (i.e., $1,200 + six percent of $4,175).  See 29 U.S.C. §§ 1132(g)(2), 1451(e).  Additionally, Plaintiff is entitled to recover the $495.75 in costs he incurred in filing fees and process server fees.  See Mandel Decl. ¶ 5.

The Court, thus, finds Plaintiff is entitled to a total amount of $1,946.25 in attorney's fees and costs.

## V.
## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Default Judgment is **GRANTED**.  The Court, therefore, ORDERS judgment be entered in favor of Plaintiff against Defendant in the amount of $16,121.25.  Additionally, Defendant is hereby enjoined from continuing to store and display Plaintiff's Photograph as is set forth in the Complaint.

**IT IS SO ORDERED.**